FILED
2020 Apr-14  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **EUGENE R. SAK and** | § | |
| **DIVISION MANAGEMENT, LLC** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.:** |
| | § | |
| **INTERNATIONAL FINANCIAL** | § | |
| **GROUP, INC., THE** | § | |
| **BURLINGTON** | § | |
| **INSURANCE COMPANY, and** | § | |
| **APPALACHIAN** | § | |
| **UNDERWRITERS, INC,** | § | |
| *Defendants*. | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants The Burlington Insurance Company ("***TBIC***") and International Financial Group, Inc. ("***IFG***") (TBIC and IFG collectively "Removing Parties"), which pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the captioned action *Eugene R. Sak and Division Management, LLC v. International Financial Group, Inc., The Burlington Insurance Company, and Appalachian Underwriters, Inc*.; Court Case Number 41-CV-2020-900087 on the docket of the Circuit Court of Lauderdale County, Alabama (the "***State Court Action***").  In support of this Notice of Removal, TBIC and IFG respectfully represent the following:

1

## FACTUAL PREDICATES FOR REMOVAL

1.      On March 11, 2020, Eugene R. Sak ("*Sak*") and Division Management, LLC ("*Division*," and together with Sak, the "*Plaintiffs*") commenced the State Court Action against the Removing Parties, and a third defendant, Appalachian Underwriters, Inc. ("*AUI*," and together with TBIC and IFG, the "*Defendants*") by filing a Complaint (the "*Complaint*") in the Circuit Court of Lauderdale County, Alabama.

2.      The State Court Action arises out of an insurance policy TBIC issued to Eagle Access, LLC, policy number HGL0044421 (the "*Insurance Policy*"). The Complaint alleges Plaintiffs, and others, have been named as defendants in approximately 13 consolidated personal injury and economic loss petitions filed in Louisiana and arising out of an alleged July 28, 2017 elevator malfunction incident that occurred at a construction site in New Orleans known as "The Standard" (the "*Incident*").  The Complaint identifies the first case as *Soule v. Woodward Design + Build, LLC* pending in the Civil District Court for the Parish of Orleans, Case No. 18-935 (the "*Louisiana Litigation*").  Plaintiffs assert causes of action against the Defendants collectively in this action for their alleged failure to defend Plaintiffs in the Louisiana Litigation, and assert causes of action for breach of contract, bad faith failure to defend, breach of obligation of good faith, and negligence/wantonness, and seek      "actual damages, currently totaling

2

$100,003.19," among other damages.[1]

3.    The Removing Parties do not admit the underlying facts as alleged in the State Court Action Complaint and summarized above, and expressly dispute the Plaintiffs are entitled to the damages alleged.

## TIMELINESS OF REMOVAL

4.    Plaintiffs filed the Complaint on March 11, 2020.[2]

5.    TBIC was served with the Complaint through its agent for service of process on March 16, 2020.[3]

6.    IFG was served with the Complaint through its agent for service of process on March 17, 2020.[4]

7.    According to the State Court Record, AUI was served with the Complaint through its agent for service of process on March 16, 2020.

8.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) and (c)(1) as it is filed within thirty (30) days of receipt of the Complaint by the Removing Parties and within one (1) year of the State Court Action being filed.

## CONSENT TO REMOVAL

9.    AUI, the only other defendant named in the Complaint, consents to

---

[1] See Exhibit 1, Documents served on TBIC, Complaint, ¶¶ 32-54.
[2] See Exhibit 1, Documents served on TBIC, Complaint.
[3] See Exhibit 1, Documents served on TBIC, including Complaint.
[4] See Exhibit 2, Documents served on IFG.

the removal of the State Court Action.[5]

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

10.    This Court has original jurisdiction pursuant to 28 U.S.C § 1332(a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs (hereinafter "Diversity Jurisdiction").

## DIVERSITY OF THE PARTIES

11.    The Complaint alleges that Plaintiff, Sak, is a resident of Alabama.[6] For diversity purposes, an individual is a citizen of the state in which he is domiciled. *McCormick v. Aderholt*, 293 F. 3d 1254, 57 (11th Cir. 2002). "Although residence is not equivalent to domicile, a party's place of residence is *prima facie* evidence of his domicile." *State v. Shell Oil Co.*, 444 F.Supp.2d 1210, 1215 n. 9 (S.D. Ala. 2006). Thus, Sak is deemed to be a citizen of Alabama.

12.    The Complaint alleges that Plaintiff, Division, is a "Delaware limited liability company with its principal place of business in Florence, Alabama" and, without any factual basis, further states Division is a "citizen of the State of Delaware".[7]   The citizenship of a limited liability company is determined by the citizenship of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH*

---

[5] See Exhibit 3, AUI Consent to Removal.
[6] See Exhibit 1, Complaint, ¶1.
[7] See Exhibit 1, Complaint, ¶¶ 2, 7

*Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, a limited liability company's state of incorporation and principal place of business are irrelevant for determining its citizenship for purposes of diversity jurisdiction. As further set forth below, Division has one member/manager, Sak, who, as noted above, is deemed to be a citizen of the State of Alabama. Thus, in fact, Division is deemed to be a citizen of Alabama.

    a. Courts in the Eleventh Circuit recognize that in determining the citizenship of the parties for purposes of diversity jurisdiction, a court is not limited to the face of the complaint, but "may look to the complaint, the notice of removal, and a 'wide range' of other evidence." *Lieberman v. LM General Insurance Comp.*, No. 14-62428; 2015 WL11198006 (S.D. Fla. Jan. 26, 2015) (quoting *Greenberg v. Rullan*, No. 14-81191, 2014 WL 5430312, at *2 (S.D. Fla. Oct. 24, 2014).

    b. Plaintiffs' misattribution of Delaware citizenship to Division is contradicted both by preceding allegations in the Complaint and the sworn statement of Division's principal and plaintiff herein, Eugene Sak, in the Louisiana Litigation.

    c. Paragraph 7 of the Complaint identifies Sak alone as the member-manager of Division and avers that Sak is a resident of Florence,

Alabama. By limiting the description of the membership interests in Division to a single individual, Sak, who, according to the Complaint, resides in Alabama, the Plaintiffs have presented *prima facie* proof that Division is a citizen of Alabama.

d.  Moreover, a sworn statement from Sak filed in the Louisiana Litigations confirms that Division is a single-member entity, and thus an Alabama citizen for purposes of diversity jurisdiction by virtue of Sak's Alabama citizenship. Specifically, on April 17, 2019, Sak submitted an affidavit in support of a *Motion To Dismiss for Lack of Personal Jurisdiction* in the Louisiana Litigation, wherein Sak attested that Division "was organized as a single-member limited liability company . . ."[8]  Furthermore, Division's online registration information maintained by the State of Delaware shows that Division has not amended its initial registration documents, confirming that the ownership structure of Division remains the same as when it was first registered.[9]

e.  Accordingly, the allegations in the Complaint, supplemented by Sak's sworn affidavit and the documentary evidence attached hereto, establish that Division is a limited liability corporation whose sole

---

[8] See Exhibit 4, Sak Affidavit in Louisiana Litigation, p. 4.
[9] See Exhibit 5, Division online registration with State of Delaware.

member-manager at all times has been Sak, an Alabama resident, and a presumptive citizen of Alabama for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

13.     The Complaint alleges TBIC is a North Carolina corporation with its principal place of business in Burlington, North Carolina.  In fact, TBIC is a foreign insurer organized and existing under the laws of the State of Illinois with its principal place of business in the State of Connecticut.  For diversity purposes, a corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).  Thus, TBIC is deemed to be a citizen of Illinois and Connecticut.

14.     The Complaint alleges IFG is a Delaware corporation with its principal place of business in Chapel Hill, North Carolina.  In fact, IFG is a company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.  Thus, IFG is deemed to be a citizen of Delaware and New York.[10]

---

[10] IFG has also been fraudulently/improperly joined in this matter and its citizenship should not be considered for removal purposes.  The Complaint asserts claims arising from the issuance of the Insurance Policy and acts or omissions which occurred thereafter.  IFG does not write insurance policies and did not issue the Insurance Policy at issue in this case. Accordingly, IFG expressly reserves any and all rights under Alabama law or any other applicable law to seek dismissal of the Complaint against it for failure to state a claim upon which relief can be granted, and, if necessary, for improper or fraudulent joinder, and any other basis for dismissal.

15.     The Complaint alleges AUI is a Tennessee corporation with its principal place of business in Oak Ridge, Tennessee.[11]  Thus, AUI is deemed to be a citizen of Tennessee.

16.     In sum, Plaintiffs (who are both Alabama citizens) are completely diverse from Defendants (who are citizens of Illinois, Connecticut, Delaware, New York, and Tennessee).

## AMOUNT IN CONTROVERSY

17.     The Complaint expressly prays for damages in the amount of "$100,003.19" plus costs, fees, ongoing actual losses, consequential damages, etc.[12]

18.     Although the Removing Parties dispute Plaintiffs' allegations and deny that Plaintiffs are entitled to the damages alleged, the damages sought clearly exceed the $75,000 threshold required under 28 U.S.C. § 1332(a) based on the face of the pleadings and this action is removable pursuant to 28 U.S.C. § 1441(c)(2), which states the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.  The Eleventh Circuit also holds that the initial pleading demonstrates the minimum amount in controversy required for diversity jurisdiction "[i]f the jurisdictional amount is either stated clearly on the

---

[11] See Exhibit 1, Complaint, ¶5.
[12] See Exhibit 1, Complaint, prayers, p. 12.

8

face of the documents before the court, or readily deducible from them . . ." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

19.     In compliance with 28 U.S.C. § 1446(a), which requires the removing party to attach a copy of all process, pleadings, and orders served upon it in the state court action, the documents served on the Removing Parties is attached hereto as Exhibits 1 and 2.

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will promptly be served upon all parties, and the Removing Parties will promptly give written notice of the filing of this Notice of Removal to the state court by filing with the Lauderdale County Circuit Clerk a Notice to State Court of Filing of Notice of Removal.

21.     Pursuant to 28 U.S.C. § 1447(b), a copy of all process, pleadings, orders, and the docket sheet in the State Court Action are filed herewith as Exhibit 6.  [*See* Index of Matters Being Filed, (a) Plaintiffs' Complaint, filed 3/11/2020; (b) Civil Summons Issued to IFG, dated 3/11/2020; (c) Civil Summons Issued to TBIC, dated 3/11/2020; (d) Civil Summons Issued to AUI, dated 3/11/2020; (e) Notice of Service of Summons, dated 3/17/2020; and (f) Circuit Court for Lauderdale County, Alabama Docket Sheet.]

22.     The Removing Parties appear here only for the limited purpose of asserting the present Notice of Removal and suggests that such notice is submitted without waiver of any defenses, state or federal, and with full reservation of the Removing Parties' right to timely assert any and all such defenses.

23.     The Removing Parties reserve their right to supplement and/or amend this Notice of Removal.

**WHEREFORE**, the Removing Parties pray that Court Case Number 41-CV-2020-900087, now pending in the Circuit Court of Lauderdale County, State of Alabama, be immediately removed to this Court for trial and determination, and that this Court assume full jurisdiction of this cause of action, the same as though this action had been originally instituted in this Court.

Respectfully Submitted:

*__/s/ Shane Black_____*
**Shane Black, ASB-7644-C49E**
**Hand Arendall Harrison Sale, LLC**
102 S Jefferson Street
Athens, AL  35611
Telephone:  (256) 232-0202
Facsimile:   (256) 233-2407
Email:        sblack@handfirm.com

_\_\_/s/ Joseph L. Cowan, II_____

**Joseph L. Cowan, II, ASB-3620-A61J**
**Hand Arendall Harrison Sale, LLC**
1801 5th Avenue North, Suite 400
Birmingham, AL  35203
Telephone:   (205) 324-4400
Facsimile:   (205) 322-1163
Email:        jcowan@handfirm.com


_\_/s/ Shaundra M. Schudmak_____

**James W. Thurman, AL Bar No. 2400S15B**
**Kristopher Wilson (*AL Pro Hac Admissions***
***Pending*)**
**La. Bar No. 23978**
**Shaundra M. Schudmak (*AL Pro Hac Admissions***
***Pending*)**
**La. Bar No. 32007**
**Georgia Bar No. 713829**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-mail:        kwilson@lawla.com
                   sschudmak@lawla.com

**Attorneys for The Burlington Insurance**
**Company and International Financial Group,**
**Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Notice of Removal upon the following counsel of record by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid, this 14th day of April, 2020.

Michael M. Shipper
Benjamin R. Little
SIROTE & PERMUTT, P.C.
201 S Court Street, Ste 725
Florence, AL  35630

Brandon T. Walker
Hartman, Springfield & Walker, LLP
3138 Cahaba Heights Rd, Ste 110
Vestavia Hills, AL  35243

_ /s/ Joseph L. Cowan, II _____
OF COUNSEL